IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | |
|---|---|
| SHELLEY SCOTT, | }  |
| Plaintiff, | } |
| v. | } |
| | } |
| HARVARD COLLECTION SERVICES, INC., | } |
| and SPRINT, | } |
| Defendants. | } |

EP09CV0289

## PLAINTIFF'S ORIGINAL COMPLAINT

Shelley Scott ("Scott"), Plaintiff, complains of Harvard Collection Services, Inc. ("Harvard") and Sprint, ("Sprint") and respectfully shows the Court as follows:

### I. Parties

1. Scott is an individual residing in Travis County, Texas.

2. Harvard is a foreign corporation doing business in Texas, and may be served with process through its registered agent, CT Corporation Systems, 350 N. St. Paul St., Dallas, Texas 75201.

3. Sprint is corporation doing business in Texas who entered into a contract (the "Contract") with Scott for wireless services. Sprint may be served with process through its registered agent, The Prentice-Hall Corporation Systems, 701 Brazos St., Ste. 1050, Austin, Texas 78701.

### II. Nature of Action

4. This is a suit for declaratory and monetary relief stemming from Sprint and Harvard's attempts to collect disputed amounts from Scott on a cellular telephone account Scott

had with Sprint. Defendants' wrongful conduct in charging and attempting to collect the disputed debt is in violation of the Fair Debt Collection Practices Act and the Texas Finance Code.

### III. Jurisdiction and Venue

5.  The Court has jurisdiction over this case under 28 U.S.C. § 1331 as this is an action arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.,* and over all state claims pursuant to 28 U.S.C. § 1367.

6.  Venue is proper in the United States District Court for the Western District of Texas, as the events giving rise to the cause of action occurred in this district.

### IV. Background Facts

7.  In 2007 Scott was the owner of a cellular telephone account with Sprint, account number 0543518020 (the "Sprint Account"). In early 2007 Scott received an invoice from Sprint for the Sprint Account which included charges which Scott did not authorize and which Scott was not obligated to pay under the Contract. At that time, Scott remitted the portion which was due but did not pay for the disputed charges. Scott advised Sprint of the disputed amounts. Rather than correct the Sprint Account to delete the incorrect charges, Sprint continued to demand payment from Scott for the unauthorized fees.

8.  In June 2007 Scott began to receive written and telephonic communications from debt collectors hired by Sprint to collect the disputed charges. On June 4, 2007, Thomas A. Forbes, Scott's attorney sent a letter to the first of these debt collectors, RPM a/k/a Receivables Performance Management, advising that Scott was represented by counsel and that all future communications were to be directed to his attention.

9. After its first debt collection was advised that she was represented by counsel, Sprint retained a second debt collector, Allied Interstate, to collect the disputed charges. On August 16, 2007, Scott, through her attorney Thomas Forbes, again advised that she was represented by counsel, disputed the debt, and directed all future communications to be made to her counsel.

10. Ignoring Scott's instructions, Sprint and Allied Interstate sent a demand letter to Scott on February 25, 2008 at her home address and contacted her by telephone on February 26, 2008, demanding that the disputed charges be paid. Scott again communicated that all inquires were to be directed to her counsel, Thomas Forbes.

11. At this point, with its first and second debt collectors having been notified that the debt was being disputed and that she had retained counsel, Sprint retained a third debt collector, Harvard, to further harass and intimidate Scott to pay charges she was not obligated to pay. On August 20, 2008, Harvard began telephoning Scott at her residence to demand payment of the disputed charges. During each call, Scott advised that she was represented by counsel and disputed the charges. On August 25, 2008, Harvard contacted Scott at her residence for the fourth time, and was given Thomas Forbes' contact information. Scott received a demand letter from Harvard dated the same day demanding that the disputed charges be paid.

12. A cease and desist letter was sent to Harvard on September 3, 2008 by Scott's counsel, the undersigned firm, but Harvard continued to communicate directly with Scott by telephone. Although Sprint, and the debt collectors it hired, was aware that Scott was not responsible for the disputed charges, Sprint continues to assert that Scott is obligated to pay.

## V. Causes of Action

### Declaratory Judgment

13. Pursuant to Rule 57 of the Federal Rules of Civil Procedure, Scott requests that the Court determine and declare that there are no amounts owed by Scott on the Sprint Account and that Scott has no existing obligations to Sprint relating to the Sprint Account.

### Violations of 15 U.S.C. § 1692 *et seq.*

14. The foregoing acts and omissions of Harvard constitute numerous and multiple violations of the Fair Debt Collection Practices Act ("FDCPA") including, but not limited to, Section 1692c (a) (2). In addition to Harvard's direct violations, Sprint has conspired with its multiple debt collectors for purposes of contacting Scott in violation of the FDCPA.

15. As a result of each and every one of Defendants' violations of the Fair Debt Collection Practices Act, Scott is entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs.

### Violation of Texas Finance Code §392 *et seq.*

16. The debt collection abuses Plaintiff was forced to suffer were fraudulent, deceptive and misleading. Defendant's actions were taken in bad faith and for the purposes of harassment. In addition to Harvard's direct violations, Sprint has conspired with its debt collectors for purposes of contacting Scott in violation of the law so that each debt collector could purportedly represent that each was unaware that Scott was represented by counsel, was not obligated to Sprint on the Sprint Account, and disputed the alleged debt, and so that successive debt collectors could continually harass and intimidate Scott in violation of the law.

17. As a result of each and every one of Defendants' violations enumerated above, Plaintiff has suffered and is entitled to actual damages and attorney's fees.

### Violations of Texas Business & Commerce Code Chapter 17

18. The foregoing acts and omissions of Defendants constitute a deceptive trade practice as that is defined in Chapter 17 of the Texas Business and Commerce Code.

19. As a result of each and every one of Defendants' violations, Plaintiff has suffered and is entitled to actual damages, statutory damages, and attorney's fees.

### VI. Prayer and Jury Request

WHEREFORE, Plaintiff prays that after trial by jury, this Court determine and declare that Scott is not obligated to Sprint for any amounts on the Sprint Account, and have judgment against Defendants for violations of the FDCPA, Texas Finance Code and the Texas Deceptive Trade Practices Act, including Plaintiff's actual damages, statutory damages, attorney's fees, costs, and such other relief as Plaintiff is justly entitled.

Respectfully submitted,

KEMP SMITH LLP
221 N. Kansas, Suite 1700
El Paso, Texas 79901
(915) 533-4424
(915) 546-5360 (FAX)

By: /s/ Mark Osborn
MARK N. OSBORN
State Bar No. 15326700
Attorneys for Plaintiff Shelley Scott

16361.00100/SRIV/PLEA-1/1052081v1